■ OCI MORTGAGE, INC., Appellant, v JEWELL A. FITZGERALD et al., Respondents, et al., Defendants. [661 NYS2d 256] —In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), entered April 3, 1996, which granted the motion of the defendants Jewell A. Fitzgerald and Gary M. Fitzgerald to dismiss the complaint, and (2) an order of the same court dated July 8, 1996, which denied its motion for leave to renew or reargue.

Ordered that the appeal from so much of the order dated July 8, 1996, as denied that branch of the plaintiff's motion which was to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 8, 1996, is reversed insofar as reviewed, that branch of the plaintiff's motion which was for leave to renew is granted, upon renewal the respondents' motion to dismiss is denied and the order entered April 3, 1996, is vacated; and it is further,

Ordered that the appeal from the order entered April 3, 1996, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated July 8, 1996; and it is further,

Ordered that the appellant is awarded one bill of costs.

One of the essential issues in this action is when the defendants Jewell A. Fitzgerald and Gary M. Fitzgerald made their last payment on the mortgage which the plaintiff seeks to foreclose. In opposition to the original motion by the Fitzgerald defendants to dismiss the action on the ground that it had not been timely commenced under the applicable Statute of Limitations (see, CPLR 213 [4]), the plaintiff provided a purported copy of the 1989 payment history of the Fitzgeralds, which showed a payment received by the plaintiff's assignor, Citibank N.A. (hereinafter Citibank), on or about July 21, 1989, although no copy of the check was provided. However, upon renewal, the plaintiff submitted an affidavit of an assistant vice-president of Citicorp Mortgage, Inc., the servicing agent for Citibank, in which he indicated that the said payment history was a true and accurate copy of the payment history of the Fitzgerald account and "forms a part of the books and records maintained in the regular course of CMI's [Citibank Mortgage Inc.] business, as servicing agent for Citibank".

We conclude that the determination of whether this action is barred by the Statute of Limitations should await trial. Bracken, J. P., Rosenblatt, Goldstein and Luciano, JJ., concur.